# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:25-CV-00598-KDB-UMJ

| | |
|---|---|
| CATHY WILLIAMS AND CATHERINE SEGURA,<br><br>**Plaintiffs,**<br><br>v.<br><br>ELECTROLUX CONSUMER PRODUCTS, INC; ELECTROLUX NORTH AMERICA INC; AND CURTIS INTERNATIONAL, LTD.,<br><br>**Defendants.** | **MEMORANDUM AND ORDER** |

In this putative, nationwide class action, Plaintiffs allege warranty and related claims based on the U.S. Consumer Product Safety Commission's ("CPSC") recall of several models of mini-refrigerators manufactured, distributed and sold by Defendants. Now before the Court is Defendants' Motion to Dismiss (Doc. No. 16) in which Defendants ask the Court to dismiss Plaintiff's Complaint under the principle of "prudential mootness" because Plaintiffs have already been offered a refund in connection with the CPSC recall. For the reasons discussed below, the Court will **GRANT** the motion.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). Defendants move to dismiss

1

Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) or limit their claims under Rule 12(b)(1).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp.*, 550 U.S. at 570; *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), aff'd sub nom. *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Also, in analyzing a Rule 12 motion, a court may consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). In particular, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint ... so long as the authenticity of these documents is not disputed." *Chapman v. Asbury Auto. Grp., Inc.*, No. 3:15 cv 679, 2016 WL 4706931, at *1 (E.D. Va. Sept. 7, 2016)

(quoting *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396-97 (4th Cir. 2006)); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159 (4th Cir. 2016).

Under Rule 12(b)(1), a party may assert that a court lacks subject matter jurisdiction over a plaintiff's complaint by challenging the plaintiff's standing. *See, e.g., White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005). When a 12(b)(1) motion is filed, the plaintiff bears the burden to prove that subject matter jurisdiction exists. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

## II.    FACTS AND PROCEDURAL HISTORY

Plaintiff Cathy Williams is a resident of Ohio and Catherine Segura is a resident of Iowa. Doc. No. 1 ("Compl."), ¶¶ 15-16. They allege that Defendants Electrolux Consumer Products, Inc. and its subsidiary Electrolux North America, Inc. (together "Electrolux") own the Frigidaire line of appliances, including mini-refrigerators manufactured and marketed by their licensee Defendant Curtis International, LTD ("Curtis"). Compl., ¶¶ 2-3, 17-19.  On July 25, 2025, Curtis, in cooperation with the CPSC, issued a voluntary recall of several Frigidaire mini-refrigerator models, affecting over 600,000 units sold nationwide and online between January 2020 and December 2023. *Id.* at ¶¶ 8, 24, 29, n. 15. Plaintiffs allege that the products are defective because of internal electrical components which can short-circuit, creating a fire risk that has resulted in approximately 2 dozen reported incidents of the mini-refrigerators overheating, catching fire, etc.. *Id*. at ¶¶ 9, 25. Curtis has offered a refund of the purchase price in connection with the recall. *Id.* at ¶ 29.

Plaintiffs allege that they purchased a recalled Frigidaire mini refrigerator new and intended to put it to ordinary use. *Id.* The Complaint does not allege when or where Plaintiffs purchased their Frigidaire mini-refrigerators nor is there any allegation that they ever experienced

any problems with their products. The Complaint contends that the offered refund is "inadequate" because it "fails to address any property damages or other damages due to actual fires caused by the Products" and because it "requires users to verify the model numbers." *Id*. at ¶ 30. Plaintiffs further claim that "verification is impossible if the recalled and defective Mini-Fridge has caught fire." *Id*. However, Plaintiffs do not allege that the mini-refrigerators they purchased caught fire, that they suffered any property damage, or that they have been unable to verify the model numbers on their appliances. Rather, Plaintiffs allege they suffered damages because had they known of the defect that prompted the recall, "they would not have purchased [the mini-refrigerators] or would have paid significantly less." *Id.* at ¶ 35. They do not allege that the refund offered by Curtis is insufficient to cover that alleged loss of value.

On August 13, 2025, Plaintiffs filed this action asserting claims for breach of express and implied warranties and unjust enrichment on behalf of themselves, a national class, and subclasses of Iowa and Ohio consumers who purchased the recalled mini-refrigerators. *Id.* at ¶¶ 36, 48-90. Other than the allegation that "the distribution and sale of the defective product occurred within this District," the connection of Plaintiff's claims to North Carolina are unexplained. *Id.* at ¶ 23. In response to the Complaint, Defendants filed a Motion to Dismiss, which has been fully briefed and is ripe for the Court's decision.

### III.    DISCUSSION

Defendants' primary argument is that the Court should dismiss all of Plaintiffs' claims as "prudentially moot" in light of the recall and refund remedy offered by Curtis. That is, Defendants argue that Plaintiffs have not alleged they suffered any compensable damages that will not be remedied by the refund already available to them. The Court agrees that the case is prudentially

4

moot. *See Humphries v. Harley-Davidson Inc.*, No. 7:23-CV-05524-JDA, 2025 WL 1836703, at *3-4 (D.S.C. July 3, 2025).

As thoroughly explained in *Humphries*, the Fourth Circuit Court of Appeals recognizes the doctrine of prudential mootness. *See S-1 v. Spangler*, 832 F.2d 294, 297 (4th Cir. 1987) (concluding the court "need not decide whether [a settlement] moots the case in strict constitutional case or controversy terms, because we conclude that we should treat this appeal as moot for prudential reasons"). Prudential mootness rests on a court's discretion to determine that "[i]n some circumstances, a controversy, not actually moot, is so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power to grant." *Chamber of Com. of U.S. v. U.S. Dep't of Energy*, 627 F.2d 289, 291 (D.C. Cir. 1980). As the Tenth Circuit Court of Appeals has explained, "if events so overtake a lawsuit that the anticipated benefits of a remedial decree no longer justify the trouble of deciding the case on the merits, equity may demand not decision but dismissal." *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208, 1210 (10th Cir. 2012) (noting that the "[p]rudential mootness doctrine often makes its appearance in cases where ... a coordinate branch of government steps in to promise the relief [a plaintiff] seeks").

Here, the recall of the Frigidaire mini-refrigerators is being overseen by the CPSC, a federal agency tasked by Congress with promulgating consumer product safety standards and enforcing the provisions of the Consumer Product Safety Act, 15 U.S.C.A. § 2051, *et seq*. Therefore, another branch of government has already offered Plaintiffs the opportunity to obtain relief from their now regretted purchase. The Court must accordingly abstain from "affording a judicial remedy on top of one already promised by a coordinate branch," as doing so "risks needless inter-branch disputes

over the execution of the remedial process and the duplicative expenditure of finite public resources." *Winzler v. Toyota Motor Sales USA, Inc.*, 681 F.3d 1208, 1211 (10th Cir. 2012).

Numerous courts in addition to *Humphries* have held that a recall renders a case prudentially moot. *E.g.*, *Winzler*, 681 F.3d 1208; *Letson v. Ford Motor Co.*, No. 23-10420, 2024 WL 845844 (E.D. Mich. Feb. 28, 2024); *Diaz v. Ford Motor Co.*, No. 23-10029, 2023 WL 6164455 (E.D. Mich. Sept. 21, 2023); *Ward-Richardson v. FCA US LLC*, 690 F. Supp. 3d 1372 (N.D. Ga. 2023); *Pacheco v. Ford Motor Co.*, No. 22-11927, 2023 WL 2603937 (E.D. Mich. Mar. 22, 2023); *Sharp v. FCA US LLC*, 637 F. Supp. 3d 454 (E.D. Mich. 2022). For example, in *Letson*, the plaintiffs filed a putative class action against Ford Motor Company ("Ford"), alleging a defect that caused fuel injectors to crack, which increased the risk of engine fires. 2024 WL 845844, at *1. Ford initiated a recall of the class vehicles, agreeing to repair the vehicles without charge. *Id.* The court concluded that the case was prudentially moot where Ford had issued a recall to remedy the defect and subjected itself to NHTSA's continuing oversight and authority. *Id.* at *3. The court rejected the plaintiffs' argument that their diminished-value injuries remained even after the recall, determining that Ford's recall "restor[ed] their vehicle's values and eliminat[ed] plaintiffs' overpayment injuries." *Id.*

Similarly in *Ward-Richardson*, the plaintiffs filed a putative class action against FCA US LLC ("FCA"), which manufactures Jeep Wranglers, alleging a defect in the electrical/computer system. 690 F. Supp. 3d at 1374–75. FCA initiated a recall of the class vehicles, offering to repair the defect without charge. *Id.* at 1375–76. The court concluded that the case was prudentially moot and that the prudential mootness doctrine applies to claims for monetary relief in addition to claims for equitable relief. *Id.* at 1377–81. The court specifically noted that the recall invoked the oversight of NHTSA, which "is vested with statutory authority (and responsibility) to monitor each

6

safety recall to make sure owners receive safe, free, and effective remedies from manufacturers according to the Safety Act and Federal regulations." *Id.* at 1379 (internal quotation marks omitted); *see also id.* at 1380–81; 49 U.S.C. § 30120(e) ("If the Secretary decides a manufacturer has not reasonably met the remedy requirements, the Secretary shall order the manufacturer to take specified action to meet those requirements and may take any other action authorized under this chapter.").

In opposition to a finding of prudential mootness, Plaintiffs reprise their argument that the offered purchase price refund is "inadequate" because it does not pay for any property or other damages due to actual fires caused by the Products and because it requires users to verify the model numbers, which cannot be done if the mini-refrigerator has caught fire. Whatever the merit of this argument with respect to the owner of a mini-refrigerator that actually caught fire (a question the Court does not reach),[1] Plaintiffs, who have not alleged that their mini-refrigerator experienced a fire (nor that it malfunctioned at all), cannot avoid dismissal of their claims as prudentially moot simply by referencing different harm allegedly suffered by other purchasers.[2]

In sum, this Court agrees with the reasoning of its sister courts that have concluded that a recall that includes an effective remedy renders the case prudentially moot. *See Humphries,* 2025 WL 1836703*; Letson*, 2024 WL 845844; *Diaz* 2023 WL 6164455; *Ward-Richardson*, 690 F. Supp. 3d 1372; *Pacheco*, 2023 WL 2603937; *Sharp*, 637 F. Supp. 3d 454; *see also Winzler*, 681 F.3d at 1211 ("Given all this, there remains not enough value left for the courts to add in this case to

---

[1] However, the Court notes that according to the Complaint the number of actual fires appears to be very small and there is no indication what additional remedy, if any, Curtis has offered for situations that involve damage beyond the product being refunded.
[2] Of course, the fact that Plaintiffs did not suffer the same harm as other putative class members also raises doubts about their suitability as class representative.

warrant carrying on with the business of deciding its merits."). Therefore, Defendants' Motion to Dismiss will be granted.[3]

## IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss (Doc. No. 16) is **GRANTED;** and

2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 12, 2026

Kenneth D. Bell
United States District Judge

---

[3] The Court need not and does not reach Defendants' alternative argument that the Court should dismiss the claims asserted on behalf of a national class because of a lack of subject-matter jurisdiction (although the Court again notes the apparent limitations of Plaintiffs as viable class representatives).